AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Southern District of Indiana

| | | |
|---|---|---|
| United States of America<br>v.<br><br>CORY FRIESON,<br><br>*Defendant(s)* | ) ) ) ) ) ) ) | Case No. 1:26-mj-0846 TAB |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of October 26, 2026 in the county of Marion in the Southern District of Indiana, the defendant violated:

| *Code Section* | *Offense Description* |
|---|---|
| 21 U.S.C. 841(a)(1) | Possession with Intent to Distribute 500 Grams or More of Cocaine |
| 18 U.S.C. 922(g)(1) | Possession of Firearms by a Previously Convicted Felon |

This criminal complaint is based on these facts:

☑ Continued on the attached sheet.

/s/ John Messick

*Complainant's signature*

John Messick, ATF Special Agent

*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by telephone *(reliable electronic means)*

Date: 10/29/2026

UNITED STATES DISTRICT COURT

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

SOUTHERN DISTRICT OF INDIANA

City and state: Indianapolis, Indiana

## AFFIDAVIT IN SUPPORT OF COMPLAINT

I, John Messick, Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), being duly sworn, depose and state as follows:

### Affiant Background and Purpose of Affidavit

1. I am a Special Agent with the ATF, and have been since November of 2016. I am currently assigned to the ATF Indianapolis Group I Field Office and the Indianapolis Crime Gun Task Force (ICGTF). I have attended the United States Department of Homeland Security's Criminal Investigator Training Program and ATF's Special Agent Basic Training, both located in Glynco, Georgia, for a combined period of twenty-six weeks. I have received extensive training, both formal and on-the-job, in the provisions of the Federal Firearms Laws and Federal Controlled Substance Laws administered under Title 18 and Title 21 of the United States Code, respectively. I am therefore a "federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C).

2. Before being assigned to the Indianapolis Group I Field Office, I was assigned to the Baltimore Field Division Group VI Field Office. During my tenure with ATF, one of my primary duties has been investigating firearms and drug trafficking enterprises. In addition, I have been involved in arrests and interviews of drug and firearms traffickers. I have also been involved in one (1) wiretap investigation and the execution of search warrants in relation to drug and firearms trafficking. As a result, I am familiar with the manner and means of drug and firearms trafficking.

3. Through training and experience, I have become familiar with the

manner in which illegal firearms and controlled substances are transported, stored, and distributed, and the methods by which firearm/drug traffickers collect and store and conceal the proceeds of their illegal activities. I have also become familiar with the manner in which firearm and drug traffickers use telephones, cellular telephone technology, pagers, coded communications or slang-filled telephone conversations, false or fictitious identities, and other means to facilitate their illegal activities and thwart law enforcement investigations.

4. This affidavit is submitted in support of a criminal complaint charging Cory FRIESON (XX/XX/1982) with Possession with Intent to Distribute a mixture or substance containing 500 grams or more of a mixture or substance containing a detectable amount of Cocaine HCL, in violation of Title 21, United States Code, Section 841(a)(1); and Possession of a Firearm by a Convicted Felon, in violation of Title 18, United States Code, Section 922(g)(1).

5. The statements contained in this Affidavit are based in part on my direct involvement in this investigation; on my experience and background as a Special Agent of the ATF; on information provided by and conversations held with other law enforcement officers, including Special Agents/Task Force Officers of the ATF, and officers of the Indiana Metropolitan Police (IMPD). I have not included each and every fact that has been revealed through the course of this investigation. I have set forth only the facts that sufficient to establish probable cause for the issuance of the Complaint and associated arrest warrants.

**Facts and Circumstances**

. 6. I have reviewed FRIESON'S criminal history. FRIESON was previously convicted of a crime punishable by more than one year in prison on multiple occasions under

Indiana law in Marion County Superior Court and Hendricks County Superior Court, which makes FRIESON prohibited from possessing firearms and ammunition. In 2005, FRIESON was convicted of felony Possession of a Narcotic Drug. In 2013, FRIESON was convicted of felony Dealing in Hash Oil. In 2014, FRIESON was convicted of Felony Possession of Cocaine. In 2021, FRIESON was convicted of Felony Dealing in a Narcotic Drug.

7. On or about October 26, 2026, I received information from a source of information (SOI)[1], that FRIESON had agreed to meet and conduct a suspected narcotics and firearms transaction at 1244 West 16th Street in Indianapolis, IN. Shortly after receiving this information, other investigators and I began surveillance of FRIESON. Based on information known to law enforcement, prior to beginning surveillance of FRIESON, investigators obtained a search warrant to search FRIESON's person from a federal magistrate judge sitting in the Southern District of Indiana.

8. Investigators were able to conduct surveillance of FRIESON on October 26, 2026, and follow FRIESON to the location where the SOI stated FRIESON was meeting his customer. Prior to traveling to this location, investigators observed FRIESON place a black duffle/gym bag and black backpack inside of a white Ford F-350 pick-up. Investigators followed FRIESON to the Sleep Inn located at 1244 W. 16th Street in Indianapolis, IN (located in the Southern District of Indiana).

9. Based on the surveillance of FRIESON and the information provided by

---

[1] The SOI mentioned in this Affidavit is considered reliable based on information provided to your Affiant in the past. Information provided by the SOI has led to the seizure of large amounts of controlled substances and firearms in the past. The SOI is familiar to law enforcement and has assisted law enforcement with investigations for the past several years. Further, the SOI has testified truthfully in numerous judicial proceedings. As such, I believe the SOI to be credible and reliable.

SOI, investigators detained FRIESON conducted a probable cause (PC) search of the white Ford F-350 when FRIESON arrived at the 16th Street meet location. During this search, investigators recovered a clear Ziploc bag containing approximately 1,226 grams of suspected cocaine. It should be noted that the clear Ziploc bag was contained in a black plastic bag which was recovered in the black book bag. Also, recovered from the black duffle/gym bag were two firearms and magazines containing ammunition. The firearms, which were both manufactured outside the State of Indiana, were recovered, and are described as follows:

- One Apache Armament AA15 multi caliber rifle with serial number 00242.
- One Glock 43 9mm pistol with serial number ZSH662.

10. I conducted a recorded interview of FRIESON at the IMPD Southwest District Office. Initially, during this interview FRIESON wanted to talk to a lawyer before questioning. This initial interview was concluded. Minutes later, FRIESON had changed his mind and requested to talk with investigators. FRIESON told investigators, while being recorded, that he wanted to talk with investigators without a lawyer present. No force or threats were used against FRIESON and FRIESON requested to talk with investigators without a lawyer present. During this interview, FRIESON provided investigators with significant information, to include that FRIESON possessed a “brick” or kilogram of suspected cocaine and two firearms, and he intended to sell these items to another individual.

11. After the interview with FRIESON, FRIESON was transported to the Marion County Jail. The firearms and suspected cocaine was transported and placed in an

ATF vault. Investigators conducted a field test of the suspected cocaine and provided positive results for cocaine HCL.

## Conclusion

12. Based on the facts set forth in this affidavit, I submit that probable cause exists that on or about October 26, 2026, in the Southern District of Indiana, FRIESON did possess with intent to distribute 500 grams or more of a mixture or substance containing cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1); and possess of firearms as a convicted felon, in violation of Title 18, United States Code, Section 922(g)(1). Accordingly, I respectfully request that the Court issue a Criminal Complaint charging FRIESON, along with a warrant for his arrest.

/s/ John Messick
John Messick, Special Agent
ATF

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: 10/29/2026

UNITED STATES DISTRICT COURT

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

SOUTHERN DISTRICT OF INDIANA